

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ROBERT G. SIMPSON,<br><br>     Plaintiff,<br><br><br><br>       v.<br><br><br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:04-CV-712 SA |

Before the court is an action filed by Plaintiff, Robert G. Simpson, asking the court to reverse the final agency decision denying his application for Disability Insurance Benefits (hereafter "DIB") under Title II of the Social Security Act.  *See* 42 U.S.C. § 410-433.  Plaintiff's original application was denied because an Administrative Law Judge (hereafter referred to as "ALJ") found that, although Plaintiff is unable to return to his past relevant work, Plaintiff is capable of making an adjustment to work that exists in significant numbers in the national economy, and therefore is not disabled.  Plaintiff now challenges the ALJ's decision, alleging that it is legally erroneous and is not supported by substantial evidence in the record.

**BACKGROUND**

Plaintiff applied for DIB in November 2001, alleging an inability to work beginning in October 2001.  (File Entry #7, The Certified Copy of the Transcript of the Entire Record of the Administrative Proceedings Relating to Robert G. Simpson (hereafter referred to as "Tr. __"), at 50-52.)  Plaintiff's application was denied at the initial and reconsideration levels of administrative review.  (Tr. at 34, 35.)  Plaintiff then requested a hearing before an ALJ, which was conducted on February 25, 2003.  (Tr. at 36, 157-95.)

In his May 29, 2003 decision, the ALJ denied Plaintiff's claim, finding that although Plaintiff could not return to his past relevant work, Plaintiff was able to perform a significant number of jobs that exist in the national economy.  (Tr. at 15-24.)  The Appeals Council denied Plaintiff's request for review. (Tr. at 4-6.)

On August 10, 2004, Plaintiff filed with the court an application to proceed in forma pauperis, which was granted. (File Entries #1, 2.)  Also on August 10, 2004, Plaintiff filed the instant action, and the case was assigned to United States District Judge Paul G. Cassell.  (File Entry #3.)  On September 22, 2004, Judge Cassell referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  (File Entry #4.)  Defendant filed her answer on

October 18, 2004, and the administrative record on October 25, 2004.  (File Entries #5, 7.)

Plaintiff filed his memorandum on December 23, 2004.  (File Entry #11.)  On February 25, 2005, Defendant filed her memorandum.  (File Entry #14.)  Plaintiff did not file a reply memorandum.  On April 27, 2005, pursuant to the parties' October 2004 agreement, Judge Cassell entered a new order of reference, referring the case to Judge Alba pursuant to 28 U.S.C. § 636(c). (File Entries #9, 15.)

## STANDARD OF REVIEW

The court reviews the Commissioner's decision "to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."  *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  The findings of the Commissioner, "if supported by substantial evidence, shall be conclusive."  42 U.S.C. 405(g) (2005).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *see also Doyal v.* Barnhart, 331 F.3d 758, 760 (10th Cir. 2003); *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).  "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'"  *Grogan*, 399 F.3d at 1261-1262 (quoting *Musgrave v.*

*Sullivan*, 966 F.2d 1371, 1374 (10ᵗʰ Cir. 1992)); *see also O'Dell
v. Shalala*, 44 F.3d 855, 858 (10ᵗʰ Cir. 1994) ("Evidence is
insubstantial if it is overwhelmingly contradicted by other
evidence."); *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10ᵗʰ Cir.
1992) ("A finding of '"no substantial evidence" will be found
only where there is a "conspicuous absence of credible choices"
or "no contrary medical evidence."'" (Citations omitted.)).

In conducting its review, the court must "examine the record
closely to determine whether substantial evidence supports" the
Commissioner's decision. *Winfrey v. Chater*, 92 F.3d 1017, 1019
(10ᵗʰ Cir. 1996). However, the court may "'neither reweigh the
evidence nor substitute [its] judgment for that of the agency.'"
*White v. Barnhart,* 287 F.3d 903, 905 (10ᵗʰ Cir. 2001) (citation
omitted); *see also Grogan* 399 F.3d at 1262 (noting that although
the court does not reweigh the evidence, it must meticulously
examine the record as a whole to determine if the substantiality
test has been met).

The court's review also extends to determining whether the
Commissioner applied the correct legal standards. *See Qualls*,
206 F.3d at 1371. Reversal may be appropriate where the
Commissioner uses the wrong legal standards or the Commissioner
fails to demonstrate reliance on the correct legal standards.
*See Glass v. Shalala*, 43 F.3d 1392, 1395 (10ᵗʰ Cir. 1994);
*Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10ᵗʰ Cir. 1993);

*Andrade v. Secretary of Health and Human Servs.*, 985 F.2d 1045,
1047 (10th Cir. 1993).

## ANALYSIS

Plaintiff argues the ALJ's determination that Plaintiff is
not disabled is legally erroneous and is not supported by
substantial evidence.[1]  Specifically, Plaintiff makes the
following two arguments:  (1) the ALJ's finding that Plaintiff's
impairment did not meet the requirements of 20 C.F.R. § 404
Appendix 1, Subpart P, 1.04(A) (hereafter referred to as "Listing
1.04(A)") was not supported by substantial evidence; and (2) the
ALJ erred by not giving controlling weight to the opinion of Dr.
Taylor, Plaintiff's treating physician, and by not explaining why
controlling weight was not given.  The court addresses each of
these arguments in turn.

### A.   Listing 1.04(A)

First, Plaintiff argues the ALJ's finding that Plaintiff's
impairments did not meet the requirements of Listing 1.04(A) is

---

[1]Plaintiff argues that the ALJ only committed legal errors
and that the substantial evidence standard of review does not
apply to the court's review of this case.  (File Entry #11, at 2-
3.)  However, Plaintiff misunderstands the standard of review.
When reviewing whether the ALJ's findings are supported by the
record, as Plaintiff has asked the court to do in this case, the
court must examine whether the ALJ's finding is supported by
substantial evidence in the record.  As discussed above, the
court applies the legally erroneous standard only in reviewing
whether the ALJ misapplied the law.

not supported by substantial evidence.[2]  Listing 1.04(A) provides as follows:

> *Disorders of the spine (*e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.  With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raise test (sitting and supine).

20 C.F.R. § 404 App. 1, Subpt. P, 1.04.

Plaintiff has the burden to demonstrate, through medical evidence, that his impairments met all of the specified requirements of Listing 1.04(A).  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  Plaintiff seeks to meet that burden by itemizing specific evidence from the record and arguing the specified evidence met each of Listing 1.04(A)'s requirements.

The court emphasizes that its role is not to reweigh the evidence presented in the record, but simply to examine whether

---

[2]In introducing this argument, Plaintiff generally argues that Plaintiff's impairments met *and equalled* Listing 1.04(A). However, Plaintiff only develops his argument regarding whether Plaintiff's impairments *met* the requirements of Listing 1.04(A). *Cf. Puckett v. Chater*, 100 F.3d 730, 733 (10th Cir. 1996) (explaining how medical equivalence is to be proven and determined).  As a result, the court confines its analysis to Plaintiff's developed argument that Plaintiff's impairments met the requirements of Listing 1.04(A).

the ALJ's decision is supported by substantial evidence or is legally erroneous.  Thus, although the court carefully reviews Plaintiff's argument, the court mainly focuses on whether the ALJ explained how he reached his finding and whether that finding is supported by substantial evidence.  In making that determination, the court considers the specific evidence Plaintiff has set forth to support his argument and whether that evidence overwhelms the evidence relied upon by the ALJ.  Thus, keeping in mind the standard of review, after carefully reviewing Plaintiff's argument in conjunction with the record, the court rejects Plaintiff's argument because it concludes that the ALJ's decision is supported by substantial evidence.

In his decision, the ALJ specifically noted that he had considered Plaintiff's argument that his impairments met the requirements of Listing 1.04, but that the ALJ rejected that argument because it was not supported by the objective medical evidence.  (Tr. 17.)  The ALJ noted cervical spine X-rays indicated no bony abnormalities; a cervical MRI exam revealed intervertebral disc protrusions resulting in only a "mild deformation of the anterior spinal cord"; and EMG examinations indicated distal sensory polyneuropathy, but did not indicate cervical radiculopathy or distal entrapment.  (Tr. 17-18.)  Additionally, the ALJ noted that upon examination by Dr. Timothy Lahey, Plaintiff "could dress and undress adequately, he was able to rise from a sitting position and get up and down from the

7

examining table without assistance, he was able to lift, carry and handle light objects, his neurological testing was within normal range and his fine motor coordination was only slightly decreased in the left hand."  (Tr. 18.)

As a result, the ALJ presented substantial objective medical evidence in the record supporting his finding that Plaintiff's impairments did not meet the requirements of Listing 1.04(A).  As a result, the court concludes that the ALJ's finding was supported by substantial evidence and, therefore, the court rejects Plaintiff's argument.

### B.  Treating Physician's Opinion

Second, Plaintiff argues that the ALJ erred by not assigning controlling weight to the opinion provided by Dr. Jerald Taylor, Plaintiff's treating physician.  The opinion to which Plaintiff refers is a statement found in Dr. Taylor's brief January 15, 2003 letter, which reads:  "[Plaintiff] has not been able to work since October of 2001."  (Tr. 146.)  Plaintiff argues that the ALJ "failed to consider Dr. Taylor's extensive treatment history as well as the significant body of objective evidence supporting Dr. Taylor's assessment."  (File Entry #11, at 10.)  Moreover, Plaintiff argues that the court cannot perform an adequate review of the ALJ's determination because the ALJ's statement regarding the weight afforded to Dr. Taylor's opinion is "equivocal and confusing."  (File Entry #11, at 10.)  After a careful review of the record, the court rejects Plaintiff's arguments.

8

When evaluating medical opinions, an ALJ will assign "controlling weight" to a treating source's opinion if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2); *see also Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) ("The well established rule in this circuit is that the Secretary must give substantial weight to the testimony of a claimant's treating physician, unless good cause is shown to the contrary."); *accord Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). "However, a treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence." *Bernal*, 851 F.2d at 301.

When determining the weight to assign to a medical opinion, the ALJ must consider the following factors:

> 1)  the length of the treatment relationship and the frequency of examinations,
> 2)  the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed,
> 3)  the degree to which the physician's opinion is supported by the relevant evidence,
> 4)  the consistency between the physician's opinion and the record as a whole,
> 5)  whether the physician is a specialist in the area upon which the opinion is rendered, and
> 6) other factors brought to the ALJ's attention which tend to support or contradict the physician's opinion.

*See Goatcher v. United States Dep't of Health and Human Servs.* 52 F.3d 288, 290 (10th Cir. 1995).

In the current case, the ALJ determined he was "not accepting" Dr. Taylor's opinion that Plaintiff had been unable to work since October 2001, and assigned Dr. Taylor's opinion "little controlling weight" because it "[was] not supported by the record nor the clinical notes." (Tr. 21.)  A brief review of the record immediately reveals how the record and clinical notes did not support Dr. Taylor's statement that Plaintiff had been unable to work since October 2001.  Dr. Taylor's patient notes indicate that he had not examined Plaintiff "in over a year" prior to the date of the letter, and Dr. Taylor's letter itself indicates that the opinion statement provided was based exclusively upon information conveyed to Dr. Taylor by Plaintiff and by consulting physicians.  (Tr. 147.)  Dr. Taylor provided no objective medical evidence to support his opinion, which notably did not include information such as Plaintiff's exertional limitations or the source of such limitations.  *See* 20 C.F.R. § 404.1545 (b).  As a result, Dr. Taylor's statement was simply conclusory and unsupported.  *See Bernal*, 851 F.2d at 301.

Moreover, Dr. Taylor's opinion that Plaintiff had been unable to work since October 2001 is not binding because it simply amounts to an ultimate determination of Plaintiff's disability status.  *See Castellano v. Secretary of Health and*

*Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994).[3]  That

determination, the "ultimate issue of disability," is reserved to

the Commissioner, who is trained in how the law defines disabled,

and who has the authority to make such a determination.  *Id.*

As a result, the Court concludes that the ALJ provided

sufficient explanation to support his decision not to assign

controlling weight to Dr. Taylor's statement that Plaintiff had

not been able to work since October 2001.  As a result, the court

rejects Plaintiff's argument that the ALJ erred by not assigning

controlling weight to Dr. Taylor's opinion and by applying an

incorrect legal standard.

─────────────────

[3]The court also notes that, when read in the context of the
entire letter, Dr. Taylor's statement appears to simply be
support for the ALJ's step four finding that Plaintiff "cannot
perform any past relevant work."  (Tr. 22; *see* 20 C.F.R. 404.1520
(a)(4)(iv).)  That finding is not challenged by Plaintiff in this
action.  (File Entry #11, at 6.)  The entirety of Dr. Taylor's
statement regarding Plaintiff's ability to perform work-related
activities reads:

> [Plaintiff] states that he has pain on an
> everyday basis.  [Plaintiff] states he is
> unable to work secondary to this pain.  I do
> not expect this pain to resolve.  I think
> that this is becoming a chronic pain problem
> with [Plaintiff].  I do not expect
> [Plaintiff] to be able to *return to his*
> *vocation* and be able to work in a functional
> capacity *as he was prior to this injury*.
> [Plaintiff] has not been able to work since
> October of 2001.

(Tr. 146 (emphasis added).)  Read in the context of the letter,
Dr. Taylor's statement simply appears to be an opinion that
Plaintiff has been unable to work as a concrete laborer since
October 2001.  (File Entry #11, at 3.)  As explained above, this
contextual reading of Dr. Taylor's statement simply supports the
ALJ's finding that Plaintiff could not return to his past
relevant work.

## CONCLUSION

Based on the above analysis, the Court rejects Plaintiff's arguments and instead concludes that the ALJ's findings and decision were supported by substantial evidence and were not legally erroneous.  Therefore, **IT IS HEREBY ORDERED** that Plaintiff's **MOTION TO REVERSE OR REMAND** the Commissioner's decision is **DENIED**.

DATED this _16th_ day of May, 2005.

BY THE COURT:


Samuel Alba
United States Chief Magistrate Judge

12